**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Ann Bowen, | No. CV-26-01257-PHX-JJT |
| Appellant, | **ORDER** |
| v. | |
| Lawrence J. Warfield, | |
| Appellee. | |

*Pro se* Appellant Barbara Ann Bowen filed a Notice of Appeal on February 17, 2026 (Doc. 1 at 5), and the Bankruptcy Court transmitted the appeal to this Court the next day (Doc. 1). Since that time, nothing has happened.

In its Transmittal of Appeal to District Court, dated February 18, 2026, the Bankruptcy Court noted that Appellant had not yet paid the Notice of Appeal filing fee. (Doc. 1 at 1.) The filing fee must be paid or waived before this appeal is perfected and may proceed.

Moreover, no certificate of a complete record appears on the docket. Under Bankruptcy Rule 8009(a) and Local Bankruptcy Rule 8007-1, Appellant was required to file a statement of issues, designation of record, and request for designated transcripts with the Bankruptcy Court within 14 days of the filing of the Notice of Appeal, which then would immediately transmit a certificate that the record is complete to this Court. The Bankruptcy Court informed Appellant of the same in the Transmittal of Appeal to District Court. (Doc. 1 at 2, 3.) The rule is mandatory because the statement of issues and record

Case 2:26-cv-01257-JJT    Document 4    Filed 04/02/26    Page 2 of 2

on appeal are essential to both Appellee, who must respond to Appellant's claims, and the Court in resolving the appeal. Indeed, "[t]he date the bankruptcy court clerk transmits the certificate that the record is complete shall constitute the date of entry of the appeal on the docket of the district court." LRBankr 8007-1.

Here, Appellant filed her Notice of Appeal on February 17, 2026 (Doc. 1 at 5), so the statement of issues, designation of record, and request for designated transcripts were due to the Bankruptcy Court on March 3, 2026. That date passed four weeks ago, and because no certificate of a complete record appears on the docket, the Court must conclude Appellant has not met the required deadline.

The Court will thus require Appellant to show cause why this appeal should not be dismissed for failure to prosecute under Bankruptcy Rule 8003(a)(2) and Local Bankruptcy Rule 8020-1. The Ninth Circuit Court of Appeals has aptly said,

> The rules of practice and procedure are not whimsically created by judges who derive some sort of pleasure from the policing functions that the existence of such local rules necessarily entails. These rules serve a critical function in that they maximize ever more scarce judicial resources.

*In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002) (dismissing the appeal for failure to prosecute) (internal quotations and citations omitted).

**IT IS THEREFORE ORDERED** that Appellant shall show cause by **April 10, 2026**, why this appeal should not be dismissed for failure to prosecute. Failure to timely comply will result in dismissal of this appeal.

Dated this 2nd day of April, 2026.

_____
Honorable John J. Tuchi
United States District Judge

- 2 -